Hall, Judge.—
The first question that arises in this case, is, whether a writ of error will lie for the plaintiff in error, who is a garnishee, to reverse a judgment obtained against himself.—Whenever a new jurisdiction is erected by act of Assembly, and the court that exercises this jurisdiction acts as a court of record, according to the course of the common law, a writ of error lies on its judgment; but when it acts in a summary manner, or in a new course different from the common law, and in a manner peculiar to itself. *159 then a writ of error will not lie: in this case the proper remedy is by certiorari—1 Com. Rep. 80. 1 Ld. Raymd. 469. ibid. 6. Cow. 524.—The county court where the judgment was obtained against the plaintiff in error, in this case, is a court of record, and it does not proceed in a summary manner in a course different from the superior courts, when it is said that a writ of error will not lie, except when the proceedings below have been according to the course of the common law. The reason is, that the superior courts proceed ac-cording to the course of common law themselves, and when an inferior court proceeds in any other way, the superior courts cannot judge of their proceedings by comparing them with their own. In such a case a certiorari may issue to remove the proceedings, in order that the superior court may determine whether the inferior court has pursued its authority or not. But in the prefers case, the same mode of proceeding is common to both courts; and on that ground I cannot see any reason why a writ of error will not lie, as well in this case as in any other. But it is said that this writ will not lie for a garnishee, because he is neither party nor privy to the judgment. The authority relied upon, is 2 Bac. 198. where it is said if a judgment be given against B. and the money of C. attached by force of a foreign attachment in London, C. shall not have a writ of error, because he comes in by garnishment by the custom, and is neither party nor privy. The judgment here spoken of must be the judgment against B. not the one against C. This idea is strengthened from the analogy which this case bears to the case of bail; they cannot have a writ of error to reverse a judgment against their principal but they may have it to reverse the judgment *160 against themselves, because they are parties to it. So in this case, the garnishee is party to the judgment entered against him. It is objected that the effect of a reversal of the judgment against the garnishee, will render the judgment against the defendant in the attachment a nullity, as there is no property or debt attached, but that of the plaintiff in error. If that effect; is to be ascribed to the true cause, that cause will be found in the irregularity of the proceedings of the plaintiff at law; and if that would be the effect, it will be an effect proceeding from himself. I think, therefore, a writ of error will lie for a garnishee to reverse a judgment against himself. The next question to be considered in this case, is whether a writ of error issuing from the superior court is a writ of right, to issue of course upon a compliance with the requisites of the act of the General Assembly, passed in 1777, ch. 2. sec. ; or whether it is only to issue upon the alignment of sufficient errors—It is said for the plaintiff in error, that a writ of error is a writ of right—2 Salk. 504.—but what is the legal, substantial import of that expression? I think the security of the citizen under that writ would not be impaired or lessened, by understanding it to mean, that the party praying it shall have the proceedings in which error is aligned, examined by the superior court. This, I take it, is the true, substantial right and benefit claimed under that writ. County courts cannot correct errors in their own proceedings. When a writ of error is applied for, then it is a matter of right to have it granted for that reason. In England it is frequently applied for, when it is a thing of course to grant it, and that for the same reason—1 Richardson's Practice, 327—1 Attorney's Practice, *161 378.—But if application is made for the allowance of it to the same court that is empowered to correct the error, may not that court determine upon the merits of the errors assigned, upon a motion to allow a writ of error, as well as at any subsequent court, after the writ of error shall have been allowed? Our act of Assembly requires that the errors shall be assigned before the writ shall be allowed, and that the opposite party shall have ten days previous notice of the application intended to be made for it. Why is this required, unless it is for the purpose of putting it in the power of the court to determine upon the merits of the errors assigned, and giving the opposite party an opportunity to oppose the allowance of a writ of error? In England, generally, the errors were not assigned till after the allowance of the writ; and then the plaintiff in error had a scire facias ad audiendum errores against the defendant : But in this case, if the matter assigned; for error appeared to the court to be no error, nor colour for error, it would not grant a scire facias ad audiendum errores-2 Bac. 207, 6th edit, in a note.—Surely, if the court is possessed of the merits of the case, it can determine as well upon them, before as after the allowance of the writ of error. What is the consequence of the contrary practice—a party, without even the shadow of plausibility, may apply for a writ of error, and have it allowed, and thereby delay his creditor, although he has not the smallest prospect of succeeding in reversing the judgment. This is the inconvenience that, I think, the legislature intended to guard against, when by the act of 1777, ch. 2, they require that the errors shall be assigned, and the opposite party notified of the time when the *162 writ of error will be moved for.—It is said that the words of the act are, that the superior courts “ shall have power and authority to grant writs of error,” and that they have no discretion to exercise.—When we view the whole section, and see that errors must be aligned, and notice given the opposite party, &c. I am led to make a different conclusion, and think that the superior court has a power to refuse it. Other writs, it is said, are of right—Why? Because the merits of the plaintiff’s pretensions. to the thing for which the suit is brought, cannot be judged of or determined upon by the person to whom the application is made for it; nor before the writ is returned, and the pleadings made up. I am therefore of opinion, that when an application is made to the superior court for the allowance of a writ of error, that that court has a power to refuse the allowing of it, in case the errors aligned appear to them to be insufficient. As I am alone in this opinion, it will be unnecessary to give any opinion respecting the sufficiency or insufficiency of the errors aligned upon the present motion, made for the allowance of a writ of error.
Johnston, Judge.—
The writ of error in England is acknowledged to be a writ of right; and is so in my opinion in this country, on the plaintiff in error complying with the requisites called for by the act of Assembly ; and the court have no right to decide on the errors assigned, till the record is before them, which cannot be till certified by the return of the writ. In Eng-land the writ of error is returned into court before the errors are assigned—upon alignment of errors, the plaintiff prays a scire facias ad audi- *163 endum errores, which the court sometimes refu-ses, if the errors assigned be not thought suffi-cient; but the record is then before the court, and they judge from the face of the record, The alignment of errors, and notice to the defendant, required by our law, is in order that he may be prepared to proceed instanter on the return of the writ, to a discussion of the errors, in order to prevent delay, by proceeding as they do in England by scire facias.
The garnishee is party to the judgment, be-cause immediately affected; it binds his property, which may be immediately taken in execution in consequence of it.
The cafe in Bac. Abr. title error B. page 198, is not warranted by Broke’s Abr. 187, to which it refers. In Bro. Abr. 286, C. “ it is said by " some, the garnishee in London, upon foreign " attachment on the custom, may have a writ of " error, and the plaintiff in attachment in ano- " ther’s hands may; for the judgment is not on- " ly against the garnishee, but the defendant also, " that the other shall be discharged against him, “ which is the extinguishment of the debt of the " defendant against the garnishee;" and cites the year-book 22d. Ed. IV. 31.—This is all I can find in Broke applicable to the subject; and it serves to shew that the garnishee has always been considered a party to the judgment, and for that was entitled to a writ of error.
I am not acquainted with the manner of proceeding on foreign attachments in London, nor do I consider it material to be known, as our attachment is not founded on that custom, nor in *164 any manner dependent on it, but arises out of the act of Assembly; we must therefore be governed by the rules there laid down, and the principles arising from them. From these it appears to me, that the judgment against the defendant, and that against the garnishee, are so connected, that the one cannot exist without the other; for unless the plaintiff find property in the hands of the garnishee, he cannot obtain judgment against the defendant; and unless he obtain judgment against the defendant, he cannot seize his property in the hands of the garnishee. So that the natural consequence of the reversal of a judgment against the defendant on attachment, would be, that he would have a right to demand and recover the money or other property, which, by that erroneous judgment, had been condemned in the hands of the garnishee. Again, if the judgment against the garnishee is reversed, there is then nothing to support the judgment against the defendant, which must fall of course. Thus it would appear that the two were but different parts of the same, and each part essentially necessary to the support of the other.
Judges Macay and Taylor agreed with Judge Johnston in omnibus.—Writ of error allowed.